A judge of the Juvenile Court terminated the father's parental rights to the child and declined to order posttermination and postadoption visitation. The father does not appeal from the termination of his parental rights but argues, for the first time on appeal, that the judge abused her discretion in declining to order posttermination and postadoption visitation.[3] Even assuming this issue is properly before us, it fails on the merits.
A judge has the discretion to order posttermination and postadoption visitation when it is in the child's best interests. See Adoption of Douglas, 473 Mass. 1024, 1027 (2016). The purpose of such visitation generally is "to assist the child as he negotiates, often at a very young age, the tortuous path from one family to another." Adoption of Vito, 431 Mass. 550, 565 (2000). As such, a judge generally does not abuse her discretion when declining to grant visitation rights to a parent who has no bond with his child. See Adoption of Douglas, 473 Mass. at 1028.
Here, the father concedes that he has seen the child only once[4] since a few days after her birth (in December, 2015) and that they have no bond. He nonetheless argues that the judge should have ordered visitation due to the particular family dynamics of this case: the preadoptive parents are the child's maternal aunt and uncle, the child's older siblings are scheduled to be adopted by the father's parents, and the child's mother has an open adoption agreement that allows her three postadoption visits per year. However, adoptive parents are presumed to act in the child's best interests in deciding whether to allow visitation between the child and the biological parent, and the judge had no reason to question that presumption in this case. See Adoption of Ilona, 459 Mass. 53, 66 (2011).
Next, the father argues that the judge abused her discretion by failing to consider that the Department of Children and Families (DCF) violated its own regulations by not offering him visitation while he was incarcerated for three months. Passing on the question whether DCF violated its own regulations, the fact remains that the father attended only one visit while he was not incarcerated. The father's argument, that the visits offered by DCF were insufficiently frequent to allow him to form a bond, fails because, as the judge found, the father did not attend the visits he was offered. The judge did not abuse her discretion.
Finally, the father argues that the judge required him to satisfy an impermissibly stringent standard of proof by stating that "the Court does not find that it has been established, by clear and convincing evidence, that an order of visitation is required to serve the best interest of the child." While the judge may have incorrectly articulated the standard of proof, this does not necessitate a remand where, as here, "the underlying subsidiary factual findings amply support the judge's determination that ... there was no significant existing bond with the biological parent." Adoption of Douglas, 473 Mass. at 1029 n.12 (quotation omitted). There can be no prejudice where the father conceded this very point.
Decree affirmed.

The mother stipulated to the termination of her parental rights, and she is not involved in this appeal.

The judge found that "[o]n April 27, 2016, Father participated in his first and only visit with" the child.